Filed 9/30/21  P. v. McGowan CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G059555 |
|      v. | (Super. Ct. No. 19NF0976) |
| MICHELLE MCGOWAN, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Scott A. Steiner, Judge.  Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury found Michelle McGowan guilty of second degree robbery, and she was sentenced to the midterm of three years. McGowan appealed, and her appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. Appellant did not file a supplemental brief. Because our review of the record discloses no arguable issues, we affirm the judgment.

I

FACTUAL BACKGROUND

On April 5, 2019, R.C., who was 68 years old at the time, was walking around Anaheim when two men exited a vehicle and then assaulted and robbed him. The two men were accompanied by a woman, but R.C. testified she sat in the front passenger seat, said nothing, and did not exit the vehicle or move into the driver's seat. When he was later shown a six-pack of photographs containing appellant's picture, R.C. did not identify her as the female companion. However, R.C. was not wearing his prescription glasses at the time of the incident.

An eyewitness, I.M., testified she observed the entire incident. I.M. saw a green Kia Soul car approach the victim. Looking through the Kia's front windshield, I.M. saw a female driver, whom she identified as appellant. Two men exited the vehicle, and proceeded to assault and rob R.C. When I.M. yelled she had called the police, the men stopped and jumped back into the car.

I.M. testified appellant laughed when the men got out of the car and watched the assault while manipulating the screen of a black tablet or large phone. As appellant drove away, she made eye contact with I.M. I.M. spoke with a 911 dispatcher about the incident and provided a description of the vehicle and license plate number. She later selected appellant's photograph from a six-pack lineup.

2

Using the license plate number I.M. provided, the police learned the Kia was a rental, and that it had been parked at appellant's apartment on April 6 and April 10, 2019.  After appellant was seen driving the Kia on April 16, 2019, officers conducted a traffic stop of the vehicle.  A black tablet was found inside appellant's purse.  In a search of appellant's apartment on the same day, none of the items taken from R.C. during the robbery were located.

II

DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record.  To assist the court in its review, counsel identified two issues for our consideration:  Whether the evidence was sufficient to prove appellant acted as an aider and abettor to the robbery, and whether the trial court prejudicially erred in instructing the jury with CALCRIM No. 315.

A.  *Substantial Evidence Supported the Robbery Conviction*

Someone aids and abets a robbery if she knows of the perpetrator's unlawful purpose and specifically intends to and does in fact aid, facilitate, promote, encourage or instigate the perpetrator's commission of that crime.  (See *People v. Cooper* (1991) 53 Cal.3d 1158, 1164; *People v. Beeman* (1984) 35 Cal.3d 547, 561.)  In determining whether the evidence is sufficient to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  (*Jackson v. Virginia* (1979) 443 U.S. 307, 319.)  Under this standard, "a reviewing court resolves neither credibility issues nor evidentiary conflicts. [Citation.]  Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact.  [Citation.]  Moreover, unless the testimony is physically

3

impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction. [Citation.]" (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Here, I.M. testified appellant was driving the Kia when the two men exited the vehicle to rob the victim. I.M. observed appellant laughing at the beginning of the robbery incident and watching the robbery while manipulating a tablet. I.M. also observed appellant drive the two men away from the scene. A reasonable jury could rely on I.M.'s testimony to conclude appellant had knowledge that the two men robbed the victim and that appellant specifically intended and did encourage or facilitate the robbery by transporting the robbers to and from the crime scene. Thus, substantial evidence supported the robbery conviction.

B. *The Trial Court Did Not Prejudicial Err in Giving CALCRIM No. 315*

CALCRIM No. 315, as given at trial, informs the jury it can consider a witness's certainty when evaluating his or her testimony. In *People v. Lemcke* (2021) 11 Cal.5th 644, the California Supreme Court held that instruction does not raise any federal or state due process problem. The high court, however, exercised its supervisory power to direct the trial courts to excise the reference to certainty when giving CALCRIM No. 315 in future cases, until an advisory committee evaluates the instruction. (*Id.* at pp. 647-648.) Here, the trial court did not commit any reversible error under *Lemcke* because the instruction as given did not implicate any constitutional concerns and the high court's order to excise certainty as a factor was issued after judgment was entered in this case.

Our review of the entire record, including the matters identified by counsel, does not show the existence of an arguable issue. (*Wende*, *supra*, 25 Cal.3d at p. 443.) Accordingly, we affirm the judgment.

4

## II

### DISPOSITION

The judgment is affirmed.


ZELON, J.*

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.